*Court of Common Pleas, Dauphin County, May 29th,* 1858.

BENEDICT *v.* HICKOK ET AL.

A judgment cannot be taken by default when the constable does not swear that he has served the summons on-the defendant.    When the latter resides out of the county, a summons, returnable five days after it is issued, is void.

BY THE COURT.—There are two assignments of error in this case worthy of consideration.    1. It does not appear that the service of the summons was sworn to by the constable, and the judgment is for default of appearance.    2. The summons issued

[Smuller et al. *v.* Wilson et al.]

on the 15th, returnable on the 20th of March, and it is conceded that the defendant resided out of the county at the time of service.

The 6th section of the act of 1810 provides " if the defendant does not appear upon summons on the day appointed, the justice may, on due proof by oath or affirmation of the service of the summons as aforementioned, proceed to give judgment by default publicly, etc." This proof of service is necessary to give the justice jurisdiction over the parties, and it is entirely irregular to enter judgment by default without such proof. After the jurisdiction has attached, every presumption should be made in favor of the regularity of the proceeding. No such presumption can exist until the parties are properly before the tribunal, or until a default is shown after a regular service, of which there must be *due proof.* The want of an affidavit of a service of the writ, and where not personally served on the party a statement of how it was done, so as to come within the provisions of the statute, has always been held fatal on a *certiorari.*

The 26th section of the act of July 12, 1842, provides " when the defendant resides out of the county he shall be proceeded against by summons on attachment, returnable not less than two days nor more than four days from the date thereof, which shall be served at least two days before the time of appearance."

In the present case the justice has pursued the act of 1810, which has been changed by the law cited. This is clearly erroneous, but at first I was disposed to doubt whether it was an error of which the defendant could complain, as it was giving him more time to prepare for trial. But on an examination of the whole law, I am satisfied that the legislature intended the shortened time for the defendant's benefit, as he otherwise might be detained longer from his home in order to answer the complaint, might be delayed on a journey, or precluded from making his defence in person. The change in the statute must be observed and followed, by justices; its mandate is imperative, and may not be disregarded.

The judgment is reversed on the second and third errors assigned.